Pearson-, C.' JU
 

 Ih.--the-4th..- item-of His-will/ the t.éstktor provides for raising- three shares-, to¡be allotted to.the chib-dren of his three-deceased daughters.-; such children t.o represent their mother-s. respectivelyeach set to take one share, and-the share of each set to, be assigned by drawing lots. »
 

 The three shares- were to-be made u-p-as follows: “ Division, No. 3,” in the plat to which reference is made, was tn. make one of tlie shares ; “ the other two shall be in, negro, property, which shall be designated by'the executors-totliia. will.”
 

 At'the death of the testator he-owned'many negroes, out ef which the two shares could have been made. But by the act of emancipation it has become impossible-to make the two shares in the manner directed by the testator, and the question is,,Does-the loss of these- tw.o,shares fall upon, the grand'-children named in this.item-, or-“ upon the estate-at large?.” by which we understand to-be meant, Shall the value of these two shares be made up out of other-funds in. the hands of the executors?
 

 This legacy is demonstrative,.i. e., the species.of propectyof which it is to consist is pointed out by the testator, to w.it, a part of his negroes to he designated by the executors.' The legacy then is specific, and as the subject has been destroyed h.y
 
 the
 
 political death of the slaves, the effect is the same as if they had all died a natural death, and in that case it is settled that- the legatees must lose the legacy, and cannot look to the other parts of the estate for indemnity.
 

 No further instructions are asked for, and as the legatees get only one of the shares, to wit, “Division No. 3,” and that one share can itself be divided in the manner directed
 
 *61
 
 by the testator, we presume thátvfhey will havemo difficulty in dividing it in that, or in sonae-other mode.
 

 This opinion will be certified to the court below ; and the costs will be paid by the executors out of the assets of the estate.
 

 .Per Curiam.
 

 Decree accordingly.